UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOE HAND PROMOTIONS, INC.,

                     Plaintiff,             **ORDER**
                                                              19-CV-3881 (MKB) (SMG)

        v.

LUIS MORALES GONZALEZ d/b/a EL COQUI,

                     Defendant.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Joe Hand Promotions, Inc. commenced the above-captioned action on July 3, 2019, against Defendant Luis Morales Gonzalez, doing business as El Coqui, asserting claims under the Communications Act of 1934, 47 U.S.C. §§ 553 and 605.  (Compl., Docket Entry No. 1.)  Plaintiff sought and obtained an entry of default against Defendant, (Req. for Certificate of Default, Docket Entry No. 6; Clerk's Entry of Default, Docket Entry No. 7), and subsequently moved for a default judgment, requesting damages in the amount of $8000, plus costs in the amount of $495 and attorneys' fees, (Pl. Mot. for Default J., Docket Entry No. 8).  On December 5, 2019, the Court referred Plaintiff's motion to Magistrate Judge Steven M. Gold for a report and recommendation.  (Order dated Dec. 5, 2019.)  By Order dated December 6, 2019, Judge Gold directed Defendant to file any response to Plaintiff's motion on or before December 20, 2019 (the "December 6, 2019 Order").  (Dec. 6, 2019 Order, Docket Entry No. 9.)  Judge Gold also directed Plaintiff to serve a copy of the December 6, 2019 Order on Defendant by certified mail at his last known address, and to file a copy of the return receipt.  (*Id.*)  Plaintiff never did so, and by Order dated April 20, 2020, Judge Gold directed Plaintiff to either file proof of service by April 27, 2020, or explain the delay.  (Order

dated Apr. 20, 2020.) By letter dated April 29, 2020, Plaintiff described its various attempts to serve a copy of the December 6, 2019 Order on Defendant, to no avail, and requested that the Court "proceed towards adjudication of this matter." (Letter dated Apr. 29, 2020, Docket Entry No. 10.) To date, Defendant has not responded to Plaintiff's motion.

By report and recommendation dated May 8, 2020, Judge Gold recommended that the Court grant Plaintiff's motion (the "R&R"). (R&R, Docket Entry No. 11.) Judge Gold recommended that the Court "hold[] Gonzalez and El Coqui jointly and severally liable for . . . damages," based on allegations in the Complaint, further corroborated by Gonzalez's Facebook page, that Gonzalez "'operated, maintained and controlled the establishment known as El Coqui,' had the 'right and ability to supervise the activities' of El Coqui, and 'authorized, directed, directly participated in and/or assisted in [El Coqui's] unauthorized exhibitions of the [events].'" (*Id.* at 5 (alterations in original) (quoting Compl. ¶ 2).) Judge Gold also recommended that the Court award Plaintiff "statutory damages of $1,000 per [violation] and enhanced damages of $3,000 per [violation], for a total of $8,000," and, in addition, $400 in costs, representing the filing fee in this District. (*Id.* at 9–10.) In addition, Judge Gold recommended that the Court deny Plaintiff's request for $95 to cover the costs of effectuating service because Plaintiff had failed to submit any documentation in connection with the request. (*Id.*) Finally, Judge Gold recommended that the Court permit Plaintiff to file an application for attorneys' fees and service costs by May 22, 2020, and invited Plaintiff to submit an invoice documenting the cost of effectuating service.[1] (*Id.* at 10.) No party has objected to the R&R and the time for doing so has passed.

---

[1] On May 20, 2020, Plaintiff filed an application for attorneys' fees and service costs. (Decl. in Supp. of Pl. Req. for Attys' Fees & Costs, Docket Entry No. 13.) By Order dated

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F. 3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir. 1989) (per curiam))); *see also Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiff's motion for default judgment and awards Plaintiff damages and costs in the amount of $8400. This judgment is comprised of $2000 in statutory damages, $6000 in enhanced damages, and $400

---

May 20, 2020, the Court directed Defendant to respond to Plaintiff's application on or before June 3, 2020. (Order dated May 20, 2020.)

4

in costs.  The Court directs Plaintiff to serve a copy of this Order on Defendant and file proof of service on the docket.

Dated: May 28, 2020
      Brooklyn, New York

                          SO ORDERED:

                          _____s/ MKB_____
                          MARGO K. BRODIE
                          United States District Judge