UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOE HAND PROMOTIONS, INC.,

                Plaintiff,                         REPORT &
                                                     RECOMMENDATION
   -against-                                   19-CV-3881 (MKB) (SMG)

LUIS MORALES GONZALEZ, individually and
d/b/a/ EL COQUI,

                Defendants.

--------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

### INTRODUCTION

Plaintiff Joe Hand Promotions, Inc., brought this action against defendant Luis Morales Gonzalez, individually and doing business as El Coqui[1] (collectively, "defendants"), alleging that he unlawfully intercepted and displayed at his commercial establishment two Ultimate Fighting Championship® events in violation of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. §§ 553 and 605. Compl. ¶¶ 1–2, 10–17, Dkt. 1. On May 28, 2020, District Judge Margo K. Brodie entered an Order adopting my report and recommendations that the Court grant plaintiff's motion for default judgment, *see* Dkt. 8, and award plaintiff statutory damages of $2,000, enhanced damages of $6,000, and $400 in costs. Dkt. 15.

My report further recommended that plaintiff be permitted to submit an application for attorney's fees and service costs by May 22, 2020. *See* Report and Recommendation ("R&R"), Dkt. 11. Plaintiff did so on May 20, 2020. *See* Decl. in Supp. of Pl.'s Request for Att'ys' Fees & Costs ("Att'y Decl."), Dkt 13. Judge Brodie then issued an Order directing defendants to

---

[1] "El Coqui" refers to a business entity, which defendants identify as a "bar restaurant" on their Facebook page, *see* Ex. B, Dkt. 8-8, and plaintiff describes more generally as an "establishment," *see* Compl. ¶ 2.

respond to plaintiff's application for attorney's fees and costs on or before June 3, 2020, and instructing plaintiff to mail a copy of the Order to the defendants. Order dated May 20, 2020. Plaintiff filed proof of service on May 21, 2020. Dkt. 14. Defendants have not filed any objections to plaintiff's application and the time to respond has expired.

Now, having reviewed plaintiff's application for attorney's fees and costs, I respectfully recommend awarding plaintiff $1,680 in attorney's fees and $95 in costs.

### DISCUSSION

#### I. Attorney's Fees

As the prevailing party, plaintiff is entitled to reasonable attorney's fees under the FCA. 47 U.S.C. § 605(e)(3)(B)(iii). Attorney's fees are determined by "multiplying a reasonable hourly rate by the number of reasonably expended hours. The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. St. Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (internal quotation marks and citation omitted). The Second Circuit's forum rule "generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Id.* at 290 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Once having determined the appropriate hourly rate, the court reviews the hours expended, ensuring that the amount of time billed is not "excessive, redundant or otherwise unnecessary." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Here, plaintiff requests a total of $2,170 in attorney's fees. Att'y Decl. ¶ 11. This amount is based on 4.8 hours of work completed by one attorney, Jon K. Jekielek, at a rate of $400 per hour, and 2.5 hours of work completed by a paralegal at a rate of $100 per hour. *Id.*

Mr. Jekielek is a co-founder and manager partner at the law firm of Jekielek & Janis, LLP, and has been practicing law for twelve years. *Id.* ¶ 2. For more than eight years, his firm has litigated federal piracy claims such as this one "on behalf of commercial pay-per-view distributors of major televised sporting events." *Id.* ¶ 3. In support of the fee application, plaintiff has submitted "contemporaneous time records specifying relevant dates, time spent, and [Mr. Jekielek's] work done in connection with this matter." *Id.* ¶ 9; *see* Ex. A, Dkt. 13-1.

Though Mr. Jekielek is surely experienced, his hourly rate is high when compared to the rates awarded to partners in comparable cases. *See Joe Hand Promotions, Inc. v. Shaikh*, 2020 WL 1878165, at *10 (E.D.N.Y. Mar. 4, 2020) (awarding rate of $350 per hour to partner), *report and recommendation adopted*, 2020 WL 1875471 (E.D.N.Y. Apr. 15, 2020); *Joe Hand Promotions, Inc. v. Disla*, 2020 WL 2572268, at *6 (E.D.N.Y. Feb. 3, 2020) (same); *see also Joe Hand Promotions, Inc. v. Khan*, 2018 WL 3973008, at *3–*4 (E.D.N.Y. Aug. 20, 2018) (reasoning that "the lack of complexity and repetitive 'boilerplate' nature of litigating a default judgment in a Cable Act case (which Mr. Jekielek and his firm have done in numerous similar Cable Act cases)" warranted a lower fee award than requested). I therefore reduce Mr. Jekielek's hourly rate from $400 to $350. Applying the reduced rate to the reasonable number of hours billed, *see* Ex. A., I respectfully recommend awarding plaintiff $1,680 in attorney's fees.

Plaintiff's request for paralegal fees should, however, be denied. Besides the fact that a rate of $100 per hour is higher than the hourly rates typically awarded to paralegals in this district, *see, e.g., Disla*, 2020 WL 2572268, at *6, plaintiff does not provide any contemporaneous time records in support of the paralegal's fee request. Well-established Second Circuit precedent requires that a fee application be supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work

3

done." *N.Y. St. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). This requirement extends to fee applications for work completed by paralegals. *See, e.g., Khan*, 2018 WL 3973008, at *4. Though the fee application does describe the type of work completed by the paralegal over the course of the 2.5 hours billed, *see* Att'y Decl. ¶ 10, there is no indication that this description was "prepared from contemporaneous time records," as is required in the Second Circuit. *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, 2017 WL 6611705, at *9–*10 (E.D.N.Y. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 6611571 (E.D.N.Y. Dec. 27, 2017). Accordingly, I respectfully recommend denying plaintiff's request for paralegal fees.

## II. Costs

Plaintiff is entitled to reasonable costs under the FCA. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff initially requested $495 in costs, which included a $400 filing fee and $95 to effectuate service. Decl. of Jon D. Jekielek ¶ 10, Dkt. 8-6. In my prior report, I took judicial notice of the district's $400 filing fee and recommended awarding costs in that amount. R&R at 9–10. However, because plaintiff had not submitted an invoice documenting the service fee, I recommended denying plaintiff's request for $95. *Id.*

Plaintiff has now submitted an invoice documenting the service fee as an attachment to his fee application. *See* Ex. B, Dkt. 13-2. Having reviewed the invoice, I respectfully recommend awarding plaintiff an additional $95 in costs.

## CONCLUSION

For the reasons stated above, I respectfully recommend awarding plaintiff $1,680 in attorney's fees and $95 in costs.

Any objections to the recommendations made in this Report must be made within fourteen days after the filing of this Report and Recommendation and, in any event, on or before July 13, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Counsel for plaintiff shall serve a copy of this Report and Recommendation on defendants by letter and promptly file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 29, 2020

*U:\#ECC 2019-2020\19-3881 Joe Hand Promotions, Inc. v. Gonzalez\Joe Hand Promotions Inc. v. Gonzalez Atty Fees R&R FINAL.docx*